# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY KEMP** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **LVNV FUNDING, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **LLC, and EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Bobby Kemp, by and through the undersigned counsel and for his complaint against the Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Bobby Kemp, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. The Defendant, LVNV Funding, LLC ("LVNV"), is incorporated in Delaware and with a principal place of business in Las Vegas, Nevada.  LVNV was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that LVNV is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. As part of its business, LVNV furnishes consumer credit information

to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

5. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times relevant herein done business in this district.

6. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

7. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in this district.

8. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

9. Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

10. Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

11. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

12. At some time prior to the events made the basis of this lawsuit, Plaintiff became indebted to Credit One Bank, N.A. on a credit card account.

13. Upon information and belief, prior to December 23, 2014, the Credit One Bank, N.A. account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant LVNV.

14. On December 23, 2014, LVNV filed suit against Plaintiff in the Small Claims Court of Jefferson County, Alabama. The lawsuit filed by LVNV was assigned case number 01-SM-2014-906527.

15. The lawsuit filed by LVNV against Plaintiff came to trial on May 11, 2015. Following trial the Court entered judgment in favor of Bobby Kemp and against LVNV Funding, LLC. Despite the court entering judgment in his favor, the LVNV debt made the basis of the small claims case remained on Bobby Kemp's credit report.

16. On June 8, 2015, Plaintiff wrote to Defendants Equifax and Experian to dispute the LVNV debt on his credit reports.

17. Plaintiff's dispute letters to the credit bureaus contained a copy of the Court's Order entering judgment in his favor in LVNV's lawsuit against him and provided contact information for the Jefferson County Small Claims Clerk's office, contact information for the judge that handled the case and contact information for LVNV's attorney in the small claims case. This information was provided in an effort to assist the credit bureaus with their reinvestigation of LVNV's entry on Plaintiff's credit reports.

18. The dispute letters were sent by certified mail, return receipt requested.

19. Defendant Equifax received Plaintiff's dispute and request for reinvestigation on June 10, 2015.

20. Defendant Experian received Plaintiff's dispute and request for reinvestigation on June 12, 2015.

### Results of Equifax's Reinvestigation

21. On or about June 19, 2015, nine days after receiving Plaintiff's request for reinvestigation, Equifax sent Plaintiff the results of its

reinvestigation.

22. Equifax, in its June 19, 2015 correspondence, contained the following: "***We have researched the credit account.  Account # - 444796220294* The results are:** We verified that this item belongs to you.  Additional information has been provided from the original source regarding this item.  Historical account information was deleted from this account.  If you have additional questions about this item please contact: **Lvnv Funding LLC, PO Box 10497, Ste 110, MS 576, Greenville, SC 29603-0497 Phone: (866) 464-1183.**"

### *Results of Experian's Reinvestigation*

23. On or about June 17, 2015, five days after receiving the Plaintiff's request for reinvestigation, Defendant Experian sent the Plaintiff a letter.

24. The letter states that Experian "reviewed the documentation [Plaintiff] provided with [his] dispute, but [Experian has] determined that [Experian is] not able to use it to make the changes or deletions [Plaintiff] requested."

25. The reinvestigation results did not change or remove the LVNV trade line except to show a recent balance of $721 as of June 2015 which

was indicated to be "past due."

26. Despite Plaintiff's dispute and the Court Order provided to Defendants Experian and Equifax, upon information and belief, the derogatory and inaccurate information regarding the alleged LVNV account is still being reported by Experian and Equifax on Plaintiff's credit reports.

27. This inaccurate information negatively reflects on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

## CAUSES OF ACTION

**COUNT ONE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

30. Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving

actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to PRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; by failing to reasonably consider the Court Order provided by Plaintiff in his dispute; and by relying upon verification from a source they have reason to know is unreliable.

31. As a result of this wrongful conduct, action and inaction of Experian and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

32. Experian and Equifax's conduct was willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 et seq. AS TO DEFENDANT LVNV

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. LVNV violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax the inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the LVNV representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LVNV representations to the consumer reporting agencies.

36. After receiving notification from Equifax and possibly Trans Union about Plaintiff's disputed account, LVNV did not contact any third parties other than the Defendant credit reporting agencies when

investigating Plaintiff's dispute. Further, LVNV verified the Plaintiff's account to Equifax in response to each dispute it received from the Equifax.

37. As a result of LVNV's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

38. LVNV's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT THREE
## DEFAMATION

40. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

41. LVNV intentionally and falsely represented that Plaintiff was indebted to it under the account it knew, or should have known, was dismissed by a court of competent jurisdiction through Experian and Equifax to all of Plaintiff's potential and current lenders.

42. Said false representations made by LVNV were injurious to Plaintiff's reputation and creditworthiness in the community.

43. Said false representations made by LVNV were not privileged and were not consented to by Plaintiff.

44. LVNV's defamation of Plaintiff was willful and with malice. LVNV did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported to Experian and Equifax.  It also had substantial evidence by which to have verified that the Plaintiff's debt that it filed suit over was dismissed with prejudice and was no longer due and owing.

45. LVNV willfully determined to follow procedures which did not review, confirm or verify whether or not its lawsuits against consumers, such as the Plaintiff, were successful or not successful.

46. Further, even if LVNV were to attempt to plead ignorance, after May

11, 2015 it knew through its counsel that its lawsuit against the Plaintiff ended with Judgment in Bobby Kemp's favor and against LVNV.

47. Despite having counsel who was present and lost the small claims case against Plaintiff, LVNV intentionally and willfully reported that Plaintiff was indebted to it when it knew or should have known that Plaintiff was not liable for the account claimed.

48. Wherefore, Plaintiff seeks judgment in his favor against LVNV for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

## COUNT FOUR
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq. AGAINST DEFENDANT LVNV FUNDING, LLC

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant LVNV and its employees and agents constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

51. As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant LVNV.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of LVNV in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary as a result of its violations of the FDCPA with regard to the Plaintiff.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

    /s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com


**PLAINTIFF'S ADDRESS:**
Mr. Bobby Kemp
2187 Mountain View Rd.
Birmingham, AL 35210


**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**LVNV FUNDING, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104