FILED

2016 Jan-18  PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **BOBBY KEMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **2:15-CV-02218-TMP** |
| | ) | **JURY TRIAL DEMANDED** |
| **LVNV FUNDING, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF LVNV FUNDING, LLC

COMES NOW, the Defendant LVNV Funding, LLC, by and through undersigned counsel, and replies to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and the Fair Debt Collection Practices Act 15.U.S.C. § 1692 <u>et seq</u>. (hereinafter "FDCPA).

**ANSWER:**    This is a general statement that does not require a response.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

**ANSWER:** The Defendant does not contest jurisdiction but has insufficient information to admit venue is proper.

## STATEMENT OF THE PARTIES

1.      Plaintiff, Bobby Kemp, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama.

**ANSWER:**  This Defendant has insufficient information to either admit or deny this averment.

2.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**  This Defendant has insufficient information to either admit or deny this averment.

3.      The Defendant, LVNV Funding, LLC ("LVNV"), is incorporated in Delaware and with a principal place of business in Las Vegas, Nevada. LVNV was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that LVNV is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

**ANSWER:**  This Defendant admits is it incorporated in Delaware and is registered to do business in Alabama with the Alabama Secretary of State, but denies all remaining allegations in Paragraph #3 and demands strict proof thereof.

4.      As part of its business, LVNV furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

**ANSWER:**   Denied.

5.      Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times relevant herein done business in this district.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

6.     Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

7.     Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in this district.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

8.     Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

9.     Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

10.     Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

11.     All events herein occurred in this judicial district.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.


## STATEMENT OF FACTS

### *Background*

12.     At some time prior to the events made the basis of this lawsuit, Plaintiff became indebted to Credit One Bank, N.A. on a credit card account.

**ANSWER:**     Admitted.

13.     Upon information and belief, prior to December 23, 2014, the Credit One Bank, N.A. account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant LVNV.

**ANSWER:**     Admitted.

14.     On December 23, 2014, LVNV filed suit against Plaintiff in the Small Claims Court of Jefferson County, Alabama. The lawsuit filed by LVNV was assigned case number 01-SM-2014-906527.

**ANSWER:**     Admitted.

15.     The lawsuit filed by LVNV against Plaintiff came to trial on May 11, 2015. Following trial the Court entered judgment in favor of Bobby Kemp and against LVNV Funding, LLC. Despite the court entering judgment in his favor, the LVNV debt made the basis of the small claims case remained on Bobby Kemp's credit report.

**ANSWER:**     On May 11, 2015 the Court held a Bench Trial and entered a judgment against LVNV without prejudice.  The remaining allegations in Paragraph #15 are denied as phrased.

16.     On June 8, 2015, Plaintiff wrote to Defendants Equifax and Experian to dispute the LVNV debt on his credit reports.

**ANSWER:**     The allegations in Paragraph #16 of the Complaint refer to a document that, being in writing, speaks for itself.  To the extent the allegation in Paragraph #16 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, or to the extent a claim is asserted against this Defendant, denied.

17.     Plaintiff's dispute letters to the credit bureaus contained a copy of the Court's Order entering judgment in his favor in LVNV's lawsuit against him and provided contact information for the Jefferson County Small Claims Clerk's office, contact information for the judge that handled the case and contact information for LVNV's attorney in the small claims case. This information was provided in an effort to assist the credit bureaus with their reinvestigation of LVNV's entry on Plaintiff's credit reports.

**ANSWER:**     This averment is not against this Defendant, and therefore, does not require a response. The allegations in Paragraph #17 of the Complaint refer to a document that, being in writing, speaks for itself.  To the extent the allegation in Paragraph #17 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, or to the extent a claim is asserted against this Defendant, denied.

18.     The dispute letters were sent by certified mail, return receipt requested.

**ANSWER:**     The allegations in Paragraph #18 of the Complaint refer to a document that, being in writing, speaks for itself.  To the extent the allegation in Paragraph #18 of the Complaint

regarding the content of such document are inconsistent with the actual language of the document, or to the extent a claim is asserted against this Defendant, denied.

19.    Defendant Equifax received Plaintiff's dispute and request for reinvestigation on June 10, 2015.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

20.    Defendant Experian received Plaintiff's dispute and request for reinvestigation on June 12, 2015.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

### *Results of Equifax's Reinvestigation*

21.    On or about June 19, 2015, nine days after receiving Plaintiff's request for reinvestigation, Equifax sent Plaintiff the results of its reinvestigation.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

22.    Equifax, in its June 19, 2015 correspondence, contained the following: "***We have researched the credit account. Account # -444796220294* The results are***: We verified that this item belongs to you. Additional information has been provided from the original source regarding this item. Historical account information was deleted from this account. If you have additional questions about this item please contact: *Lvnv Funding LLC, PO Box 10497, Ste 110, MS 576, Greenville, SC 29603-0497 Phone: (866) 464-1183.*"

**ANSWER:**  The allegations in Paragraph #22 of the Complaint refer to a document that, being in writing, speaks for itself.   To the extent the allegation in Paragraph #22 of the Complaint

regarding the content of such document are inconsistent with the actual language of the document, or to the extent a claim is asserted against this Defendant, denied.

### Results of Experian's Reinvestigation

23. On or about June 17, 2015, five days after receiving the Plaintiff's request for reinvestigation, Defendant Experian sent the Plaintiff a letter.

**ANSWER:** This averment is not against this Defendant and therefore, does not require a response. To the extent it states a claim against this Defendant, denied.

24. The letter states that Experian "reviewed the documentation [Plaintiff] provided with [his] dispute, but [Experian has] determined that [Experian is] not able to use it to make the changes or deletions [Plaintiff] requested."

**ANSWER:** The allegations in Paragraph #24 of the Complaint refer to a document that, being in writing, speaks for itself.  To the extent the allegation in Paragraph #24 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, or to the extent a claim is asserted against this Defendant, denied.

25. The reinvestigation results did not change or remove the LVNV trade line except to show a recent balance of $721 as of June 2015 which was indicated to be "past due."

**ANSWER:** This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

26. Despite Plaintiff's dispute and the Court Order provided to Defendants Experian and Equifax, upon information and belief, the derogatory and inaccurate information regarding the alleged LVNV account is still being reported by Experian and Equifax on Plaintiff's credit reports.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

27.     This inaccurate information negatively reflects on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

**ANSWER:**     This Defendant has insufficient information to either admit or deny this averment.


## CAUSES OF ACTION

## COUNT ONE

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**     This Defendant reincorporates its previous Answers as if fully set out herein.

29.     Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

**ANSWER:**   This averment is not against this Defendant and therefore, does not require a response.   To the extent it states a claim against this Defendant, denied.

30.     Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to PRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; by failing to reasonably consider the Court

Order provided by Plaintiff in his dispute; and by relying upon verification from a source they have reason to know is unreliable.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.  To the extent it states a claim against this Defendant, denied.

31.     As a result of this wrongful conduct, action and inaction of Experian and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.  To the extent it states a claim against this Defendant, denied.

32.     Experian and Equifax's conduct was willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.  To the extent it states a claim against this Defendant, denied.

33.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**  This averment is not against this Defendant and therefore, does not require a response.  To the extent it states a claim against this Defendant, denied.

**COUNT TWO**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**

**15 U.S.C. § 1681 et seq. AS TO DEFENDANT LVNV**

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**  This Defendant reincorporates its previous Answers as if fully set out herein.

35.    LVNV violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax the inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the LVNV representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LVNV representations to the consumer reporting agencies.

**ANSWER:**    Denied.

36.    After receiving notification from Equifax and possibly Trans Union about Plaintiff's disputed account, LVNV did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute. Further, LVNV verified the Plaintiff's account to Equifax in response to each dispute it received

from the Equifax.

**ANSWER:**    Denied.

37.    As a result of LVNV's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

**ANSWER:**    Denied.

38.    LVNV's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury

pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

**ANSWER:**    Denied.

39.    The Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**    Denied.


## COUNT THREE

## DEFAMATION

40.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**    This Defendant reincorporates its previous Answers as if fully set out herein.

41.     LVNV intentionally and falsely represented that Plaintiff was indebted to it under the account it knew, or should have known, was dismissed by a court of competent jurisdiction through Experian and Equifax to all of Plaintiff's potential and current lenders.

**ANSWER:**    Denied.

42.    Said false representations made by LVNV were injurious to Plaintiff's reputation and creditworthiness in the community.

**ANSWER:**    Denied.

43.    Said false representations made by LVNV were not privileged and were not consented to by Plaintiff.

**ANSWER:**    Denied.

44.     LVNV's defamation of Plaintiff was willful and with malice. LVNV did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported to Experian and Equifax. It also had substantial evidence by which to have verified that the Plaintiff's debt that it filed suit over was dismissed with prejudice and was no longer due and owing.

**ANSWER:**     Denied.

45.     LVNV willfully determined to follow procedures which did not review, confirm or verify whether or not its lawsuits against consumers, such as the Plaintiff, were successful or not successful.

**ANSWER:**     Denied.

46.     Further, even if LVNV were to attempt to plead ignorance, after May 11, 2015 it knew through its counsel that its lawsuit against the Plaintiff ended with Judgment in Bobby Kemp's favor and against LVNV.

**ANSWER:**     Denied.

47.      Despite having counsel who was present and lost the small claims case against Plaintiff, LVNV intentionally and willfully reported that Plaintiff was indebted to it when it knew or should have known that Plaintiff was not liable for the account claimed.

**ANSWER:**     Denied.

48.     Wherefore, Plaintiff seeks judgment in his favor against LVNV for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**ANSWER:**     Denied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs,

reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

**ANSWER:**     As to the unnumbered paragraph following Paragraph #48, this Defendant denies Plaintiff is entitled to relief requested and demands strict proof thereof.

**COUNT FOUR**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq. AGAINST DEFENDANT LVNV FUNDING, LLC**

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**  This Defendant reincorporates its previous Answers as if fully set out herein.

50.     The foregoing acts and omissions of Defendant LVNV and its employees and agents constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

**ANSWER:**     Denied.

51.     As a result of Defendant LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant LVNV.

**ANSWER:**     Denied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of LVNV in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary as a result of its violations of the FDCPA with regard to the Plaintiff.

**ANSWER:**     As to the unnumbered paragraph following Paragraph #51, this Defendant denies Plaintiff is entitled to relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     The Defendant pleads the complaint fails to state a claim or cause of action upon which relief can be granted.

2.     The Defendant denies any violation of the FDCPA and demands strict proof thereof.

3.     The Defendant denies any violation of the FCRA and demands strict proof thereof.

4.     The Defendant denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

5.     The Defendant pleads the statute of limitations.

6.     The Defendant pleads failure to mitigate damages.

7.     The Defendant pleads contributory negligence, to avoid waiver.

8.     The Defendant denies it took any action to intentionally harm the Plaintiff and at all times acted in good faith, without malice or the intent to injure, and based on the information known to it.

9.     Plaintiff's right to recover, if any, is limited to the FDCPA, FCRA, or both; the Defendant specifically denies any violation of those acts.

10.     The Defendant pleads privilege, qualified privilege and conditional privilege.

11.     Punitive damages are not allowed under the Fair Debt Collection Practices Act; therefore, Defendant denies Plaintiff is entitled to punitive damages.

12.    Defendant denies it is guilty of conduct referable to which punitive damages could or should be award, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

13.     Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

14.    Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

(c)    use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award,

does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)     any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)     the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)      under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)      an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j)      an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k)     Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l)      under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(n)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(o)     the procedures pursuant to which punitive damages are awarded fail to  provide a clear post-trial or appellate standard of review for an award of punitive damages;

(p)     the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q)     an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

15.     Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

16.     Plaintiff's claim for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

17.     Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

18.     To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

19.     In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

20.    To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

21.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ l, 6, and 22 of the Alabama Constitution, separately and severally.

22.    Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

(c)    The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)    The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)     This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

23.     Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of BMW of North America. Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

24.     The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

25.     The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. Honda Motors Co. v. Oberg, 512 U.S. 415, 431 (1994).

26.     If multiple punitive damage awards were assessed against Defendant it would violate the Constitution of the United States and the State of Alabama, violating Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

27.     The Defendant pleads the Plaintiff's damages, if any, were caused by the acts, errors or omissions of third parties for which this Defendant has no legal control or liability.

28.     The Defendant pleads it acted at all times in compliance with applicable law, including the FDCPA and FCRA.

29.     Defendant pleads the general issue.

30.     The Defendant pleads some or all claims are preempted by applicable federal law, including specifically the FCRA, but not only the FCRA.

31.     The Defendant pleads Plaintiff lacks standing under the FCRA.

32.     The Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 8(c).

33.     The Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 12(b).

34.      The Defendant denies it is a debt collector, but, to avoid waiver, pleads all available  defenses pursuant to the Fair Debt Collection Practices Act, including the bona fide error defense.

35.      The Defendant pleads improper venue, forum non conveniens, laches, and estoppel to avoid waiver.

36.      The Defendant pleads Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

37.      The Defendant pleads it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice, knowledge of wrongdoing, recklessness, or willfulness.

38.     LVNV did not act as a "debt collector" in this matter, as that term is defined by the FDCPA, and Plaintiff's claim fail as a result.

39.     The Defendant pleads Plaintiff's alleged damages resulted from an unforeseeable intervening, superseding cause unrelated to any action and/or omission by the Defendant.

40.     LVNV adopts and incorporates by reference all defenses pleaded by other defendants, except to the extent they are inconsistent with LVNV's defenses pleaded in this Answer.

41.     The Defendant reserves the right to assert additional affirmative defenses as discovery continues.

## PRAYER FOR RELIEF

WHEREFORE, LVNV prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1.     Dismissing all causes of action against it with prejudice and on the merits; and

2.     Awarding it such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Tina Lam
*Attorneys for Defendant*
*LVNV Funding, LLC*

**OF COUNSEL:**
FERGUSON, FROST, MOORE & YOUNG, LLP
Post Office Box 430189
Birmingham, Alabama  35243-0189
Telephone:      (205) 879-8722
Facsimile:      (205) 879-8831
Email: ndm@ffmylaw.com
Email: lam@ffmylaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of January, 2016, a copy of the foregoing document was served upon counsel for all parties to this proceeding by the following method:

_____      mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____      hand delivery

_____      via facsimile

\_\_X\_\_      E-File to:

W. Whitney Seals, Esq.
PATE & COCHRAN, LLC
P.O. Box 10448
Birmingham, AL  35202-0448
filings@plc-law.com
Attorney for Plaintiffs

/s/ Neal D. Moore, III
OF COUNSEL